**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell Tyrone Wroten, II, | No. CV-18-02669-PHX-ROS (JZB) |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

TO THE HONORABLE ROSLYN O. SILVER, SENIOR UNITED STATES DISTRICT JUDGE:

Petitioner Darrell Tyrone Wroten, II, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.)

**I.     Summary of Conclusion.**

On July 26, 2010, Petitioner was placed on probation in Pinal County. On September 5, 2013, Petitioner's probation was revoked and he was sentenced to five years of imprisonment. Petitioner did not file for post-conviction review, so his conviction was final on December 4, 2013, and any petition for habeas corpus was due a year later. But Petitioner did not file his Petition until August 8, 2018. The Petition is untimely. There are no grounds for equitable tolling. Therefore, the Court will recommend that the Petition be denied and dismissed with prejudice.

**II.    Background.**

**A.    Sentencing.**

On July 26, 2010, in Pinal County, Petitioner was sentenced to three years of imprisonment for Use of Wire Communication in Drug Related Transaction, to be followed by a term of probation for Sale of Dangerous Drugs. (Doc. 1 at 2; Doc. 9-1, Ex. C, at 12-13; Doc. 9-1 at 50.)

On June 3, 2013, after a guilty plea in Maricopa County Superior Court, Petitioner was sentenced to 30 months of imprisonment for Forgery. (Doc. 9-1, Ex. A, at 4.)

On August 5, 2013, after a guilty plea in Yavapai County Superior Court, Petitioner was sentenced to 60 months of imprisonment for Transportation of a Dangerous Drug for Sale. (Doc. 9-1, Ex. B, at 8.)

**B.    Probation Violation.**

On September 5, 2013, Petitioner's probation in his Pinal County case was revoked and he was sentenced to 60 months of imprisonment, to run consecutively to his Yavapai County sentence. (Doc. 9-1, Ex. C, at 12-14.) Petitioner was given zero days of presentence credit toward this term of imprisonment. (*Id*. at 14.)

**C.    Pinal County Motion.**

On August 22, 2017, Petitioner filed a motion in the Pinal County Superior Court asking for 249 days of presentence credit. (Doc. 9-1, Ex. D, at 18.) The court denied the request. (Doc. 9-1, Ex. E, at 22.)

On September 13, 2017, Petitioner filed an appeal in the Arizona Court of Appeals. (Doc. 9-1, Ex. F, at 24.) On October 2, 2017, the court returned the appeal to the trial court. (Doc. 9-1, Ex. G, at 31.) On December 13, 2017, the court denied the motion for reconsideration, finding that when "consecutive sentences are imposed, a court may not grant double credit for presentence incarceration." (Doc. 9-1, Ex. H, at 33.)

On June 25, 2018, Petition filed a "Petition for Review of (Reimbursement of Jail Time Credit)" in the Pinal County Superior Court. (Doc. 9-1, Ex. I, at 36.) On August 2, 2018, the court denied the motion. (Doc. 9-1, Ex. J, at 48.)

**D.    Petitioner's Federal Habeas Petition.**

On August 8, 2018, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1.) "Petitioner raises one ground for relief, alleging that the Pinal County Superior Court judge improperly denied Petitioner credit for his pretrial incarceration." (Doc. 5 at 2.) On August 22, 2018, Petitioner filed additional attachments to his Petition. (Doc. 6.) On November 30, 2018, Respondents filed their Response. (Doc. 9.) On December 27, 2018, Petitioner filed a Reply. (Doc. 10.)

**III.    Untimely Petition.**

**A.    Time Calculation.**

The writ of habeas corpus affords relief to persons in custody pursuant to the judgment of a state court in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. §§ 2241(c)(3), 2254(a). Petitions for Habeas Corpus are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2244. Whether a petition is barred by the statute of limitations is a threshold issue that must be resolved before considering other procedural issues or the merits of individual claims. The AEDPA imposes a one-year limitation period, which begins to run "from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

On September 5, 2013, Petitioner's probation in the Pinal County case was revoked and he was sentenced to 60 months of imprisonment. (Doc. 9-1, Ex. C, at 12-14.) Petitioner had 90 days to file an "of-right" petition for post-conviction review. *See* Ariz. R. Crim. P. 32.4(a). Petitioner did not file a petition or motion within 90 days. On December 4, 2013, Petitioner's conviction was final. 28 U.S.C. § 2244(d)(1)(A); *Summers v. Schriro*, 481 F.3d 710, 711 (9th Cir. 2007) (conviction pursuant to plea agreement is final on expiration of the time for seeking Rule 32 relief); *Landeros-Lopez v. Schriro*, 2008 WL 2705372, at *6 (D. Ariz. July 9, 2008) (determining that Petitioner had 90 days from his probation revocation to seek review and one-year from that 90-day period to file his petition for writ of habeas corpus).

Petitioner waited until August 22, 2017 to file a motion in the Pinal County Superior Court asking for 249 days of presentence credit. (Doc. 9-1, Ex. D, at 18.) Petitioner had until December 4, 2014 to file a habeas petition absent statutory or equitable tolling. *See* 28 U.S.C. § 2244(d)(1)(A).

**B.    Statutory Tolling.**

Petitioner is not entitled to statutory tolling. The AEDPA provides for tolling of the limitations period when a "properly filed application for State post-conviction or other collateral relief with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). In Arizona, post-conviction review is pending once a notice of post-conviction relief is filed. *See Isley v. Arizona Dep't of Corr.*, 383 F.3d 1054, 1056 (9th Cir. 2004); Ariz. R. Crim. P. 32.4(a) ("A proceeding is commenced by timely filing a notice of post-conviction relief with the court in which the conviction occurred."). A state petition that is not filed within the state's required time limit, however, is not "properly filed," and, therefore, the petitioner is not entitled to statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005) ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)."); *Allen v. Siebert*, 552 U.S. 3, 6 (2007) (finding that inmate's untimely state post-conviction petition was not "properly filed" under the AEDPA's tolling provision).

Here, Petitioner did not file a timely PCR petition. Instead, he filed a motion on August 22, 2017, in the Pinal County Superior Court, asking for 249 days of presentence credit. (Doc. 9-1, Ex. D, at 18.) The filing of this motion was well past the habeas deadline of December 4, 2014 and did not restart the tolling period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (noting that the limitations period is not reinstated by applications for state post-conviction relief filed after expiration of the AEDPA statute of limitations).

On August 8, 2018, Petitioner filed a Petition for Writ of Habeas Corpus. (Doc. 1.) Therefore, the Petition is untimely by over three years, absent any equitable tolling.

**C.    Equitable Tolling.**

Petitioner is not entitled to equitable tolling because he has not shown extraordinary circumstances prevented him from properly filing his Petition in a timely manner. "A petitioner who seeks equitable tolling AEDPA's 1-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." *Luna v. Kernan*, 784 F.3d 640, 646 (9th Cir. 2015) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)). The Petitioner bears the burden of showing that equitable tolling should apply. *Espinoza-Matthews v. California*, 432 F.3d 1021, 1026 (9th Cir. 2005). Equitable tolling is only appropriate when external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely habeas action. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010). Equitable tolling is to be rarely granted. *See, e.g.*, *Waldron-Ramsey v. Pacholke,* 556 F.3d 1008, 1011 (9th Cir. 2009). Petitioner must show that "the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Porter v. Ollison,* 620 F.3d 952, 959 (9th Cir. 2010). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

Here, Petitioner does not make a claim for equitable tolling nor does he show any extraordinary circumstances that provided a basis for showing he is entitled to equitable tolling. In his Petition, Petitioner states "it has taken this long to file this habeas corpus because Pinal County Superior Court of Arizona takes months to respond to my petitions or special actions. And then when I final[ly] do get a response, its answer is vague." (Doc. 1 at 11.) In his Reply, Petitioner does not address timeliness or equitable tolling. (Doc. 10 at 1-8.) Petitioner's probation was revoked on September 5, 2013 and he offers no facts to justify more than three years of equitable tolling in this case.

Accordingly, Petitioner has failed to meet the high threshold for equitable tolling.

**IV.    Conclusion.**

On September 5, 2013, Petitioner's probation was revoked and he was sentenced to five years of imprisonment. Petitioner did not file for post-conviction review, so his

conviction was final on December 4, 2013. The Petition was due a year later, but was not filed until August 8, 2018. The Petition is untimely.

**IT IS THEREFORE RECOMMENDED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2244 (doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable, and because Petitioner has not made a substantial showing of the denial of a constitutional right.

This recommendation is not an order that is immediately appealable to the Ninh Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgement. The parties shall have 14 days from the date of service of a copy of this Report and Recommendation within which to file specific written objections with the Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections.

Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114. 1121 (9thCir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's Report and Recommendation. *See* Fed. R. Civ. P. 72.

Dated this 8th day of May, 2019.

Honorable John Z. Boyle
United States Magistrate Judge

- 6 -